```
                UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:

RODNEY ALAN CROWDER                                Chapter 13
and KRISTIE L. CROWDER

    Debtors.                          Bankruptcy No. 05-00322M


```
                    DECISION RE:
         EXAMINATION OF ATTORNEY'S COMPENSATION
```

    On its own motion, the court scheduled a hearing to examine the professional compensation of attorney Joseph R. Lapointe, debtors' former attorney. Hearing was held March 14, 2006 in Mason City. Joseph R. Lapointe appeared on his own behalf. J. Mathew Anderson appeared as attorney for debtors Rodney and Kristie Crowder. Crowders also were present. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

    Crowders filed their chapter 7 bankruptcy petition on February 1, 2005. Lapointe was their attorney. He was hired to represent Crowders by the Hyatt Legal Plan, a legal services plan in which Mrs. Crowder participated at her employment. According to Lapointe's disclosure of compensation filed at the outset of the case, the agreed compensation for the case was $500.00. At filing no part of the $500.00 had been paid.

On April 13, 2005, the U.S. trustee filed a motion to dismiss Crowders' chapter 7 case under 11 U.S.C. § 707(b). Prior to hearing on the motion, the Crowders voluntarily converted their case to chapter 13. After conversion, Lapointe filed Crowders' amended schedules and a chapter 13 plan. The trustee objected to the plan. Hearing on confirmation was scheduled for November 15, 2005.

Pursuant to the procedures of this court, Lapointe was required to serve on all parties a notice of the filing of the plan, the time for objections and of the date, time and place of the confirmation hearing. Such a notice regarding the November 15 hearing was served by Lapointe on August 11, 2005. To accomplish service, Lapointe or his office staff used the mailing matrix submitted by his office at the commencement of the case. This matrix did not contain the names and address of the Crowders. Their names and address would have appeared on the official matrix maintained by the clerk of court after filing. It was the official matrix that should have been used. Because of the service error, Crowders did not receive written notice of the confirmation hearing. Apparently, neither Lapointe nor his office staff notified Crowders of the hearing by any other means.

Hearing on confirmation was held on November 15, 2005 in

Mason City.  Crowders' case was called early in the court's schedule.  Lapointe appeared, but Crowders did not.  The court asked Lapointe the whereabouts of his clients.  He did not know.  The court asked Lapointe if he wished the court to place the Crowders' case at the end of the morning's docket to permit them time to arrive.  He said he did not request that.  The court did so anyway and asked Lapointe to see if he could locate his clients' whereabouts.  He left the courtroom and did not return.  At the end of the court's schedule, neither Lapointe nor the Crowders were in the courtroom, and the court dismissed Crowders' case.

    Mrs. Crowder contacted the court and said she never received any notice of the hearing.  The court thereafter discovered that Lapointe's office had not certified serving notice on the Crowders, and that they had used an unofficial mailing matrix.  On December 21, 2005, on its own motion, the court reconsidered its dismissal order, and reinstated the chapter 13 case.

    On December 30, 2005, J. Mathew Anderson appeared in the case on behalf of Crowders.  Anderson was hired by Crowders, not the legal services plan.  Crowders are responsible for his fees.  Because it appeared that Lapointe would no longer represent Crowders, the court issued an order requiring

Lapointe to file a motion to withdraw.  On January 4, 2006, Lapointe filed the motion.  At a telephonic hearing on the motion, Lapointe said he asked Crowders to let him withdraw.  He said he did not feel comfortable representing them after the "mixup."  Lapointe said he did not want to discuss why.  The motion was granted, but the court stated that it would set a hearing to examine his compensation.

At the hearing on compensation, Lapointe said he was paid a total of $1,000.00 by the Hyatt Legal Plan to represent Crowders.  He said $500.00 was for filing the case and appearing with debtors at the meeting of creditors.  He said the remaining $500.00 was to prepare and file the chapter 13 plan and appear at the confirmation hearing.

Pursuant to 11 U.S.C. § 329, the court may examine the fees paid to an attorney for a debtor, and "[i]f such compensation exceeds the reasonable value of any such services, the court may ... order the return of any such payment, to the extent excessive, to ... the entity that made such payment."  11 U.S.C. § 329(b).

I find that of the $1,000.00 paid to Lapointe on behalf of Crowders, $500.00 in fees exceeds the reasonable value of the services rendered and must be returned.  Lapointe failed to serve notice of the confirmation hearing on Crowders.  He

4

did not willingly accept the court's offer to delay the hearing to later in the morning to give the Crowders the opportunity to attend. He did not take any personal action to locate the Crowders, and he did not return to the hearing to report to the court or to make any request for a continuance. As he stated at the hearing on compensation, he thought the Crowders had "blown off" the hearing, and he had another appointment scheduled that morning.

   Lapointe did prepare the schedules, appear at the meeting of creditors and file a motion to convert to chapter 13. The plan he prepared and filed on behalf of Crowders was a form plan and not confirmable. It was not through his efforts that the case was reinstated. I find that the $500.00 paid to him by Hyatt for preparation of the plan and appearance at the confirmation hearing provided no value to Crowders, and that the fee, therefore, was excessive.

   IT IS ORDERED that Lapointe, within 30 days of the date of this order, shall refund to Hyatt Legal Plan the amount of $500.00, and he shall thereafter certify to the court that the refund has been made.

   DATED AND ENTERED   March 17, 2006   _____

                                        /s/ W L Edmonds
                                        William L. Edmonds, Bankruptcy Judge